William D. Bowen (SBN 254398)
wbowen@economyofmind.com
LAW OFFICES OF WILLIAM D. BOWEN
14662 Horticultural Drive
Hacienda Heights, CA 91745
Telephone: 213.761.4332
Facsimile: 213.402.8145

*Attorneys for Plaintiff Machinables, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MACHINABLES, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>BEHELD 3D, a New York business of unknown form, KAT KINKEAD, an individual, DAVID LUCIANO, an individual, and DOES 1-10,<br><br>Defendants. | Case No.: 4:17-cv-02696<br><br>**COMPLAINT FOR:**<br><br>**1. Copyright Infringement**<br>**2. Misappropriation Of Trade Secrets**<br>**3. Violation of Federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030**<br>**4. Violation Of California Comprehensive Computer Data Access And Fraud Act, Cal. Pen. Code § 502**<br>**5. Breach of Contract**<br>**6. Common Law and Statutory Unfair Competition**<br><br>**REQUEST FOR JURY TRIAL** |

Plaintiff Machinables, Inc., by and through its attorneys of record, Law Offices of William D. Bowen, alleges as follows:

**JURISDICTION AND VENUE**

1. The court has original jurisdiction of this action under 17 U.S.C. § 501, *et seq.*, 18 U.S.C. § 1030, and 28 U.S.C. § 1338(a).

2. This court has pendent jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367 in that all the other claims that are so related that they form part of the same case or controversy.

3. Venue in this district is proper under 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to the within claims occurred in this judicial district, and under 28 U.S.C. § 1400(b) in that it is a judicial district where defendant has committed acts of copyright infringement and had a regular and established place of business.

**THE PARTIES**

4. Plaintiff MACHINABLES, INC. ("Plaintiff," "Machinables," or "Twindom") is a Delaware corporation with headquarters at 1101 Cowper Street, Berkeley, CA 94702, and that does substantial business in the Northern District of California and is owner of the registered trademark TWINDOM, under which brand it does the majority of its business.

5. Defendant BEHELD 3D ("Beheld3D") is, on information and belief, a New York business of unknown form with its principal place of business in Brooklyn, New York.

6. Defendant KAT KINKEAD ("Kinkead") is, on information and belief, an individual resident of Brooklyn, New York.

7. Defendant DAVID LUCIANO ("Luciano") is, on information and belief, an individual resident of Brooklyn, New York.

8. The true names and capacities of the defendants named herein as DOES 1 through 10, whether individual, corporate, associate, or otherwise, are unknown to Plaintiff, who therefore sues said defendants by said fictitious names. Plaintiff is informed and believes, an thereon alleges, that each of the defendants designated herein as DOE is legally responsible for the events and happenings hereinafter alleged and legally caused injury and damages proximately thereby to Plaintiff as alleged herein. Plaintiff will seek leave to amend the Complaint when the true names and capacities of said DOE defendants have been ascertained. Beheld3D, Kinkead, Luciano, and DOES 1 through 10 are hereinafter collectively referred to as "Defendants."

9. Plaintiff is informed and believes, and on that basis alleges, that each of the Defendants participated in and is in some manner responsible for the acts described in this Complaint and any damages resulting therefrom.

10. Plaintiff is informed and believes, and on that basis alleges, that each of Beheld3D, Kinkead, Luciano, and DOES 1 - 10 has acted in concert and participation with each other concerning the claims in this Complaint.

11. Plaintiff is informed and believes, and on that basis alleges, that each of Beheld3D, Kinkead, Luciano, and DOES 1 - 10 was empowered to act as the agent, servant and/or employees of each other, and that all the acts alleged to have been done by each of them were authorized, approved and/or ratified by each of them.

## **PLAINTIFF'S TECHNOLOGY**

12. Plaintiff manufactures, markets, and sells three-dimensional full body scanners, including both the hardware and software necessary to capture quality 3D scans, under the brand name Twindom. Twindom also sells related three-dimensional printing services based on the content of its 3D scans. Users can create accurate miniaturized replicas of themselves – literally becoming their own

action figures. Besides allowing users to create lifelike replicas of their personas, Twindom's technology has widespread applications across a broad range of industries, including but not limited to digitally fitted tailored clothing, developing models for e-commerce and marketing, animation, and a new way to capture and memorialize special events and moments in the lives of its users. Thanks to Twindom's development of this technology, there's now the actual capability to capture and print 21st Century "Kodak moments" in their full height, width, and depth, from each and every angle and perspective as it actually exists in our world. Articles covering the technology have dubbed it "3D-Printed Humanity."

13. Twindom's founders have been hard at work building this technology for years. The three founders of the company, Richard Berwick, David Pastewka, and Will Drevno have been building their technical knowledge and business savvy together since well before they graduated. The three worked long hours for several years out of multiple startup incubator spaces.

14. Twindom's brave foray into a new space and its hard work to make the concept of three-dimensional body scanning a tangible reality paid off. Twindom is the industry leader in its full-body 3D scanners for people, a competitive position it has achieved through the extraordinary creativity, effort, and hard work invested by its founders and employees.

15. Twindom's product has been the subject of multiple news articles and features, in print as well as on television, and has received extensive commendation for the innovativeness and quality of its product.

16. As a technology company, Twindom's intellectual property is one of its most treasured and valuable assets. For that reason, Twindom has invested significant time, money, and effort in keeping its confidential and proprietary information secret.

//

//

17. Twindom's rigorous efforts to maintain secrecy include strong physical, electronic, and legal protective measures, including but not limited to the following:

a. Twindom requires non-disclosure agreements with outside parties whenever confidential information is being shared, including purchasers, suppliers, strategic partners, and any actual or potential third parties with whom Twindom enters into or explores a potential business relationship.

b. Twindom's service agreements include provisions that prohibit outside parties from using Twindom's data without their express consent.

c. Twindom encrypts and/or includes other data protections in its compilations for any and all of its proprietary code that is stored on or running on machines outside of its headquarters.

d. Twindom has multiple locks on all doors leading into its headquarters and limits access to visitors to its facilities to the extent necessary to protect its proprietary data.

e. Twindom has an alarm system that is always on and tracks the entry and exit of personnel and/or visitors.

f. Twindom has set up firewalls to prevent access to cloud servers without multiple forms of identification to authenticate users and limit their access to whatever level of data they are authorized to access.

g. All of Twindom's proprietary code is securely hosted on private, password-protected repositories. It uses double-layer, password protected compressed archives to store any decrypted files.

//

h. Twindom hosts the majority of its code from the cloud in order to minimize the potential security risks of having proprietary code stored on local machines where it is at greater risk of direct access. The programming functions and interfaces used by Twindom's coders are well-secured, and require validation on all fields.

18. Twindom invests so much in the security of its proprietary information because it has invested thousands of hours and hundreds of thousands of dollars in developing its proprietary technology, and would suffer an extraordinary competitive disadvantage if its competitors could take all of its hard-earned work and replicate its products without having to make the same investment.

19. As author of its source code, Twindom is also the owner of a valid copyright in its computer software. At all times relevant hereto, Plaintiff has been and still is the holder of the exclusive rights under the Copyright Act of 1976 (17 U.S.C. §§ 101 *et. seq.*, and all amendments thereto) (the "Copyright Act") to reproduce, distribute, display, or license the use, reproduction, distribution, and/or display of their computer work, listed on Exhibit 1 attached hereto, which is subject of this action (referred to herein as the "Twindom Code") throughout the United States.

## DEFENDANTS' WRONGFUL ACTS

20. Defendant Beheld3D initially became a client of Plaintiff on or about January 19, 2017, when it purchased Plaintiff's product.

21. As part of its purchase of Plaintiff's product, Defendant Beheld3D agreed to Plaintiff's Terms of Sale. A true and correct copy of Plaintiff's Terms of Sale is attached hereto as Exhibit 2.

//

22. Among other things, Plaintiff's Terms of Sale specifically provide that users are not to "(b) reverse engineer, decompile, or disassemble the Twindom Portal (or any component thereof); (c) modify or create any derivative work based on the Twindom Portal (or any component thereof) or any of the Documentation; (d) copy the Twindom Portal (or any component thereof) . . . (f) take any action or omit to act in any way that would interfere with or disrupt the integrity or performance of the Twindom Platform, or adversely affect Twindom's right, title or interest in or to the Twindom Portal . . . ."

23. On or about February 17, 2017, defendant Beheld3D, through individual defendants Kat Kinkead and David Luciano, knowingly downloaded a decryption utility for reverse-engineering ionCube-encrypted source code and used it to decrypt the ionCube-encrypted source code present on the Plaintiff-provided "mission control" laptop in order to expose the Plaintiff's Capture App for editing and copying.

24. Defendants intentionally and wrongfully copied Plaintiff's proprietary, copyrighted code and trade secrets from the same for their own use and personal gain.

25. On information and belief, Defendants were aware at the time that they infringed Plaintiff's copyrights and unlawfully misappropriated its trade secrets, as well as violated state and federal laws prohibiting unlawful computer access and unfair competition.

26. In previous conversations with Defendants, Plaintiff had repeatedly expressed that its source code was proprietary and confidential and was to be treated with care. Notwithstanding this advisement, Defendants reverse-encrypted and unlawfully copied and misappropriated Plaintiff's source code.

27. Defendants' actions were done in an intentional effort to appropriate Plaintiff's proprietary source code to use with their own products internally and increase their own profits.

## FIRST CLAIM FOR RELIEF

**(Copyright Infringement Against All Defendants, 17 U.S.C. § 501 *et seq.*)**

28. Plaintiff repeats and realleges the averments contained in paragraphs 1-27 above as though fully set forth herein.

29. The above-described conduct by Defendants constitutes willful copyright infringement under the Copyright Act.

30. As a result of the above-described conduct by Defendants, Plaintiff has been damaged in an amount to be proven at trial.

31. By reason of the copyright infringement described above, Plaintiff is entitled to recover Defendants' profits to the extent the same are not included as part of Plaintiff's damages.

## SECOND CLAIM FOR RELIEF

**(Misappropriation of Trade Secrets Against All Defendants – Cal. Civil Code § 3426, *et seq.*)**

32. Plaintiff repeats and realleges the averments contained in paragraphs 1-27 above as though fully set forth herein.

33. Plaintiff's trade secrets consist of information that has independent economic value from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use and which is the subject of reasonable efforts to maintain its secrecy.

34. The Defendants' use of Plaintiff's trade secrets constitutes misappropriation in that such use has been, and is, without the express or implied consent of Plaintiff and, further, in that the information constituting Plaintiff's trade secrets (i) was acquired by Kinkead, Luciano, and Beheld3D under circumstances giving rise to a duty to maintain its secrecy or limit its use, and (ii) was acquired by the remaining Defendants from Kinkead, Luciano, and/or

Beheld3D, all of whom owed a duty to Plaintiff to maintain its secrecy or limit its use.

35. By reason of the Defendants' wrongful conduct, as alleged herein, Plaintiff has suffered actual damage to its business and the loss of profits and sales it would have made but for the Defendants' conduct. The extent of such damage is presently unascertained but will be proven at trial. Moreover, as a consequence of their use of Plaintiff's trade secrets, the Defendants have been unjustly enriched in an amount that is as yet unascertained but will be proven at trial.

36. Defendants' acts, as alleged herein, have caused and will continue to cause irreparable and immediate injury to Plaintiff for which Plaintiff has no adequate remedy at law. Unless the Defendants are restrained by this Court from continuing their unauthorized use of Plaintiff's trade secrets, these injuries will continue to occur.

37. The acts of Defendants, as described herein, were willful and malicious in that the Defendants misappropriated Plaintiff's trade secrets surreptitiously, and with the deliberate intent to injure Plaintiff's business.

## THIRD CLAIM FOR RELIEF

## (Violation of the federal Computer Fraud and Abuse Act Against All Defendants, 18 U.S.C. § 1030(a))

38. Plaintiff repeats and realleges the averments contained in paragraphs 1-27 above as though fully set forth herein.

39. Defendants knowingly accessed Plaintiff's computer, decrypted Plaintiff's confidential and proprietary information without Plaintiff's permission, and copied source code from that computer without permission and with the intent to make use of that data.

40. In so doing, Defendants intentionally accessed Plaintiff's computer without authorization and/or exceeded authorized access, thereby obtaining

information from the protected computer.

41. Defendants knowingly and with intent to defraud, accessed a protected computer without authorization, and/or exceeded authorized access, and by means of such conduct furthered the intended fraud and obtained things of value, including but not limited to Plaintiff's proprietary and confidential source code.

42. As a consequence of the Defendants' unauthorized access to Plaintiff's computer, their use of the files and records copied from that system, and their use of the files and records, including the Twindom Code, on that computer, Plaintiff has suffered losses in the form of the costs of investigating the Defendants' conduct, loss of business and loss of goodwill. The extent of such losses is presently unascertained, but will be proven at trial.

## FOURTH CLAIM FOR RELIEF

**(Violation of the California Comprehensive Computer Data Access and Fraud Act Against All Defendants, Cal. Penal Code § 502(c))**

43. Plaintiff repeats and realleges the averments contained in paragraphs 1-27 above as though fully set forth herein.

44. On information and belief, as alleged above, Defendants knowingly accessed Plaintiff's computer, copied source code from that computer without permission and with the intent to wrongfully control or obtain Plaintiff's property and data, knowingly and without permission used or caused to be used Plaintiff's services, knowingly and without permission assisted in providing a means of accessing Plaintiff's computer system, and knowingly and without permission accessed Plaintiff's computer system.

45. The Defendants' conduct, as alleged, constitutes a violation of California Penal Code Sections 502(c)(1), 502(c)(2), 502(c)(3), 502(c)(6) and 502(c)(7).

46. As a consequence of the Defendants' unauthorized access to Plaintiff's computer, their use of the files and records copied from that system, and their use of the files and records, including the Twindom Code, on that computer, Plaintiff has suffered losses in the form of the costs of investigating the Defendants' conduct, loss of business and loss of goodwill. The extent of such losses is presently unascertained, but will be proven at trial.

## FIFTH CLAIM FOR RELIEF

## (Breach of Contract Against All Defendants)

47. Plaintiff repeats and realleges the averments contained in paragraphs 1-27 above as though fully set forth herein.

48. Plaintiff and Defendants entered into a contract with respect to the permitted use of Plaintiff's product when Defendants purchased Plaintiff's product and assented to the Terms of Sale included therein. A true and correct copy of the Terms of Sale is attached hereto as Exhibit 2.

49. Plaintiff did all, or substantially all, of the significant things that the Terms of Sale required it to do, except those conditions that were waived, excused, or rendered impossible to be performed by Defendants. In particular, Plaintiff properly shipped and provided to Defendants its product.

50. Defendants breached the Terms of Sale, by, *inter alia*, improperly decrypting, accessing, and copying Plaintiff's proprietary software for their own personal gain, which is forbidden by the Terms of Sale.

51. Plaintiff was severely harmed, and Defendants' conduct was a substantial factor in causing Plaintiff's harm.

52. By reason of Defendants' wrongful conduct, as alleged herein, Plaintiff has suffered actual economic losses it would not have but for the Defendants' conduct. The extent of such damage is presently unascertained but will be proven at trial.

**SIXTH CAUSE OF ACTION**

**(Unfair Competition Against All Defendants – Cal. Bus. & Prof. Code § 17200 and California Common Law)**

53. Plaintiff repeats and realleges the averments contained in paragraphs 1-27 above as though fully set forth herein.

54. The Defendants' conduct, as alleged above, constitutes unfair competition within the meaning of Cal. Bus. & Prof. Code sections 17200 and common law unfair competition, as a consequence of which Plaintiff has suffered injury in fact and has lost money and property. As a result of Defendants' wrongful acts, Plaintiff has lost sales, revenue, market share, and asset value. Defendants' acts were for, *inter alia*, the purpose of injuring and/or destroying Plaintiff as a competitor. The extent of such losses is presently unascertained, but will be proven at trial.

55. In addition to the damages it has suffered, Plaintiff is entitled to restitution from Defendants in an amount equal to the value of Plaintiff's trade secrets that were misappropriated, as established at trial.

56. The aforementioned acts of Defendants were fraudulent, oppressive, willful and malicious in that the Defendants did the above acts surreptitiously and with the deliberate intent to injure Plaintiff's business.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

1. For an Order enjoining Defendants, their officers, agents, employees, and those acting in concert or conspiracy with them, temporarily during the pendency of this action and permanently thereafter from:

(a) infringing, or contributing to or participating in the infringement by others the copyright in the Twindom Code or acting in concert with, aiding and abetting others to infringe said copyright in any way;

(b) copying, duplicating, selling, licensing, displaying, distributing, or otherwise using without authorization copies of the Twindom Code to which Plaintiff is owner of exclusive rights under the respective copyrights or derivative works based thereon;

2. For a judicial declaration permanently enjoining the Defendants from any making further use of Plaintiff's trade secrets and/or from disclosing Plaintiff's trade secrets to others or, in the alternative, for a reasonable royalty to be paid over the period of time it would have taken the Defendants to acquire the information constituting Plaintiff's trade secrets;

3. For a judicial declaration requiring the Defendants to remove from all computers and electronic storage devices in their possession, custody, or control all digital files that were copied from, or that are identical to any digital files that were copied from, Plaintiff's computer or computer systems;

4. That Defendants be required to account for and pay over Plaintiff the actual damages suffered by Plaintiff as a result of the infringement and any profits of the Defendants attributable to the infringement of Plaintiff's copyright or exclusive rights under copyright and to pay such damages to Plaintiff as to this Court shall appear just and proper within the provisions of the Copyright Act;

5. For an award of compensatory damages according to proof;

6. For an award of exemplary damages under California Penal Code section 502(e)(4), California Civil Code sections 3294 and 3426.3(c);

7. To the extent not included in any award of compensatory damages, for a monetary award equal to the amount by which the Defendants were unjustly enriched as a consequence of their misappropriation of Plaintiff's trade secrets;

8. For an award of costs under 17 U.S.C. § 505 or as otherwise provided by law, including expert witness fees under California Civil Code 3426.4;

9. For an award of attorneys' fees pursuant to 17 U.S.C. § 505, California Penal Code § 502(e)(2) and California Civil Code § 3426.4;

10. For an award of pre-judgment interest and post-judgment interest in the maximum amount permitted by law;

11. For such other and further relief as the Court deems just and proper.

Dated: May 10, 2017

Respectfully submitted,

LAW OFFICES OF WILLIAM D. BOWEN

By: ________/s/________________________
William D. Bowen

*Attorneys for Plaintiff Machinables, Inc.*

## REQUEST FOR JURY TRIAL

Plaintiff requests a trial by jury on all issues so triable.

Dated: May 10, 2017

Respectfully submitted,

LAW OFFICES OF WILLIAM D. BOWEN

By: ________/s/__________________________
William D. Bowen

*Attorneys for Plaintiff Machinables, Inc.*